# SIVE | PAGET | RIESEL

**MARK A. CHERTOK**
DIRECT DIAL: 646.378.7228
MCHERTOK@SPRLAW.COM

August 1, 2025

**VIA ECF ONLY**
Hon. Nusrat J. Choudhury
United States District Court for the Eastern District of New York
100 Federal Plaza, Courtroom 1040
Central Islip, NY 11722

Re: *Town of Oyster Bay v. Northrop Grumman Systems Corporation* **(2:23-cv-07146)**

Dear Judge Choudhury,

Counsel for Defendant Northrop Grumman Systems Corporation ("NG"), pursuant to Court Rule 5.1, write in advance of NG filing a motion under Fed. R. Civ. P. 12(b)(6) to dismiss Plaintiff Town of Oyster Bay ("TOB" or the "Town")'s new proposed fraudulent and negligent misrepresentation claims. Both claims are untimely; they also fail for the same reasons this Court previously dismissed the Town's promissory estoppel claim.

The Town's Second Amended Complaint ("SAC") once again criticizes a remedial effort to which it long ago acceded and complains about the lead regulator, the Department of Environmental Conservation ("DEC"), which, again, and tellingly, the Town did not make a party to this action. The Court properly streamlined this case when it granted NG's motion to dismiss in part, and only allowed the Town leave to add allegations concerning hexavalent chromium. The Town now seeks to add meritless claims to generate protracted, expensive, and unnecessary further briefing on the pleadings. Instead, the parties should focus on what this dispute is actually about—whether the Town will, finally, discuss with NG and the regulators a final cleanup plan for the Park that complies with regulatory standards and returns the baseball field to Town residents.

NG's motion would be discrete and straightforward, rely on settled principles of law, and be based on undisputed facts drawn from the SAC and public documents. The parties met on July 31, 2025, to discuss the anticipated motion to dismiss. Based on that conversation, NG believes that a pre-motion conference is unnecessary.

**The Town's New Claims Exceed the Scope of This Court's Permission:** First, the Town exceeded the scope of Your Honor's ruling permitting amendment of the pleadings to add allegations, not claims. On May 29, 2025, the Court issued an Order dismissing most of TOB's claims, leaving only the Resource Conservation and Recovery Act ("RCRA") Section 7002(a)(1)(B) and public nuisance claims. The Court granted TOB limited leave to "file a second amended complaint bringing RCRA Section 7002(a)(1)(B) and public nuisance claims based on alleged hexavalent chromium contamination in the Park." Order at 8.[1] TOB instead filed the SAC alleging two new claims for common law fraudulent and

---

[1] Although one reference to the leave to amend is arguably written more broadly (*see* Order at 98), the Order states in multiple places that the leave is limited. *See* Order at 8 ("Finally, the Town may file a second amended complaint bringing RCRA Section 7002(a)(1)(B) and public nuisance claims based on alleged hexavalent chromium contamination in the Park."); 99 ("…I find that amendment at this stage would not be futile since the presence of this known hazardous substance could, at least in theory, form the basis of an RCRA Section 20(a)(1)(B) 'imminent and substantial endangerment' claim and a New York public nuisance claim.").

August 1, 2025
Page 2 of 4

negligent misrepresentation that are unrelated to the remaining RCRA and public nuisance claims and should therefore be stricken.

**The Town's New Claims are Untimely:** These claims are also time-barred. A claim based upon fraud must be commenced within "six years from the date the cause of action accrued" or within two years from the time the plaintiff "discovered the fraud or could with reasonable diligence have discovered it." N.Y. Civil Procedure Laws and Rules § 213(8). Here, TOB claims that NG committed its allegedly fraudulent acts dating back to 1990. SAC ¶ 246. Critically, the very document the Town relies on to support its allegation that NG (and DEC) supposedly hid hexavalent chromium, the 2011 Remedial Investigation Report ("2011 RIR") (*See* SAC ¶¶ 90-91), explicitly states that NG tested both soil and groundwater for hexavalent chromium in the Park.[2] Indeed, NG's consultant at the time, Dvirka & Bartilucci ("D&B") took more than 250 soil samples of hexavalent chromium in the Park (as well as groundwater samples), of which only one exceeded the DEC soil clean-up objectives. While motions to dismiss are not the place to debate the facts, NG is compelled to note the absence of any allegation in the SAC that the Town was unaware of that testing at the time. Moreover, D&B is the Town's current consultant.

There is no doubt that the Town had the RIR and reviewed the RIR no later than 2012; the RIR and an accompanying Feasibility Study were the predicate for the 2012 Proposed Remedial Action Plan ("PRAP") that included the proposed remediation later adopted in the DEC 2013 Operable Unit 3 Record of Decision ("OU3 ROD"), also referenced in the SAC (at ¶¶ 9-11, 38, 117-27).[3] The PRAP stated that the RIR was already publicly available in May 2012, and the OU3 ROD also noted that the RIR was publicly available and that the findings had been presented at multiple public meetings.[4] The Town commented on the PRAP but, tellingly, did not comment on the presence of hexavalent chromium or express dissatisfaction with the extent of sampling thereof.[5] Nor would there be any reason for dissatisfaction. The regulators and NG have long been on top of hexavalent chromium, which will be addressed as part of the final remedial plan for the Park once the Town stops wasting time and money on frivolous claims and comes to the negotiating table.

As such, TOB knew or should have known there was hexavalent chromium in the Park no later than 2012 (and probably earlier). Thus, the statute of limitations has long passed for TOB's fraudulent and negligent misrepresentation claims. *Citibank, N.A. v. Friedman*, 747 F. Supp. 3d 427, 435-37 (E.D.N.Y. 2024); *Yudkin v. Evergreen Terrace 888 Corp.*, 238 A.D.3d 1201, 1202-03 (2'd Dep't 2025).

**The Town's New Claims (Like Their Previously Dismissed Claims) Fail Under Rule 12(b)(6):** Next, TOB has not, and cannot, plead essential elements of either claim. Under New York law, to recover for fraudulent misrepresentation, TOB must allege (1) a misrepresentation or an omission of material fact that was false and known to be false by the defendant; (2) that the misrepresentation was made for the purpose of inducing the plaintiff to rely upon it; (3) justifiable reliance of the plaintiff on the

---

[2] *See* Remedial Investigation Report for Operable Unit 3, dated February 8, 2011, at 10, 12, 49-50, 72, https://extapps.dec.ny.gov/data/DecDocs/130003A/Report.HW.130003A.2011-02-08.NGC_OU3_Onsite_RI_Report_Final.pdf. When deciding a (12)(b)(6) motion, a court may utilize other documents to the extent they are effectively referenced in and relied on by the complaint. *See U.S. v. Int'l Longshoremen's Ass'n*, 518 F. Supp. 2d 422, 451-52 (E.D.N.Y. 2007).
[3] *See* PRAP: https://extapps.dec.ny.gov/data/DecDocs/E828143/PRAP.ERP.E828143.2012-02-09.final.pdf; OU3 ROD: https://extapps.dec.ny.gov/docs/remediation_hudson_pdf/130003ou3rod.pdf.
[4] *See* OU3 ROD at 7-8, https://extapps.dec.ny.gov/docs/remediation_hudson_pdf/130003ou3rod.pdf.
[5] *See* DEC OU3 ROD, Responsiveness Summary at A-23 to A-26 (Town comments on the PRAP), https://extapps.dec.ny.gov/docs/remediation_hudson_pdf/130003ou3rod.pdf.

misrepresentation or material omission; and (4) injury. *Davidoff v. Hershfield*, 233 A.D.3d 926, 927, 224 N.Y.S.3d 468 (2d Dept. 2024); *Obstfeld v. Unifin, Inc.*, 774 F. Supp. 3d 497, 504 (E.D.N.Y. 2025) (quoting *id.*). For a negligent misrepresentation claim, TOB must allege that (1) the parties stood in a "special relationship," meaning NG and TOB had a relationship "of trust or confidence" extending "beyond a typical arm's length business transaction," NG held "unique or special expertise" and "impart[ed] exclusive information" onto TOB based on that expertise, and NG was aware of how TOB would use such information, (2) the defendant negligently provided incorrect information, and (3) the plaintiff reasonably relied upon the information given." *Spinnato v. Unity of Omaha Life Ins. Co.*, 322 F. Supp. 3d 377, 403 (E.D.N.Y. 2018) (quotations omitted); *Suez Equity Investors, L.P. v. Toronto–Dominion Bank*, 250 F.3d 87, 103 (2d Cir. 2001); *Eternity Glob. Master Fund Ltd. v. Morgan Guar. Tr. Co. of N.Y.*, 375 F.3d 168, 189 (2d Cir. 2004).

Claims of fraudulent misrepresentation are subject to heightened pleading standards under Fed. R. Civ. P. 9(b), requiring the plaintiff to "state with particularity the circumstances constituting fraud or mistake." *Anschutz Corp. v. Merrill Lynch & Co.*, 690 F.3d 98, 108 (2d Cir. 2012); *Kaplan Grp. Invs. LLC v. A.S.A.P. Logistics Ltd.*, 694 F. Supp. 3d 374, 389 (S.D.N.Y. 2023). Claims of negligent misrepresentation are also subject to the heightened pleading standards when, as here, the "negligent misrepresentation claim is based upon the same set of facts upon which Plaintiffs' fraud claim is grounded." *Arnold Chevrolet LLC v. Trib. Co.*, No. 04-CV-3097 DRH WDW, 2007 WL 2743490, at *7 (E.D.N.Y. Sept. 17, 2007). To meet this heightened pleading standard, TOB must state with specificity which particular statements are alleged to be fraudulent, including where, when, and by whom such statements were made, and explain why the statements were fraudulent. *Anschutz*, 690 F.3d at 108. And where "alleged fraud is premised on an omission, a plaintiff must specify the person responsible for the failure to speak, the context of the omission, and the manner in which the omission misled the plaintiff." *United Merchandise Wholesale, Inc. v. IFFCO, Inc.*, 51 F. Supp. 3d 249, 268–69 (E.D.N.Y. 2014).

Here, TOB does not meet any of these requirements. TOB instead points to alleged deficiencies in prior reports and incorrectly presents its own subjective opinions about such investigations as facts. But as this Court already held, quoting from or incorporating by reference documents from prior investigations is not a valid substitute for well-pleaded allegations, especially so here, where TOB mischaracterizes those documents.[6] As with TOB's dismissed promissory estoppel claim, TOB's fraudulent and negligent misrepresentation claims similarly fail to identify any specific misrepresentation, instead "pointing generally to the various agreements with regulators" and "unspecified conversations." Order at 78. Moreover, NG did not have any special expertise TOB was relying on. Rather, dating back to at least 2011, TOB was aware that hexavalent chromium was in the Park.

For the foregoing reasons, this Court should dismiss Plaintiff's fraudulent and negligent misrepresentation claims.

---

[6] Plaintiff's claim that NG "falsely represented to the court that, during excavation activities involving the investigation of possible additional buried drums…[NG] would [] sample any visibly contaminated materials and safely dispose of confirmed hazardous materials offsite" is false. SAC ¶¶ 265-68. In fact, NG stated that if sampled soil is "not grossly contaminated, then it [will be] put back into the excavation." Jan. 16, 2025 Hearing Transcript ("Tr.") at 133, ln. 23-25. TOB also does not state who allegedly "assur[ed]" TOB that it had concealed no other drums beneath the Park" (SAC ¶¶ 172-73) or how they were harmed by such statements.

                                                        Respectfully submitted,

| | |
|---|---|
| _____ | _____ |
| Grant J. Esposito | Mark A. Chertok |
| PROSKAUER ROSE LLP | SIVE, PAGET & RIESEL, P.C. |
| Eleven Times Square | 560 Lexington Avenue |
| New York, New York 10036 | New York, New York 10022 |
| (212) 969-3010 | (646) 378-7228 |
| gesposito@proskauer.com | mchertok@sprlaw.com |

*Counsel for Defendant*
*Northrop Grumman Systems Corporation*