

August 12, 2025

ArentFox Schiff LLP
233 South Wacker Drive
Suite 7100
Chicago, IL  60606

312.258.5500   **MAIN**
312.258.5600   **FAX**

afslaw.com

**Matthew F. Prewitt**
Partner
312.258.5583   **DIRECT**
matthew.prewitt@afslaw.com

**VIA ECF ONLY**

Honorable Nusrat Choudhury
United States District Court for the
Eastern District of New York
100 Federal Plaza, Courtroom 1040
Central Islip, NY 11722

Re:  *Town of Oyster Bay v. Northrop Grumman Systems Corporation* (2:23-cv-07146)

Dear Judge Choudhury:

Plaintiff Town of Oyster Bay (the "Town"), pursuant to Court Rule 5.1 and this Court's August 6, 2025 order, writes in response to Defendant Northrop Grumman System Corporation's ("Grumman's") August 1, 2025 letter motion (ECF No. 64, the "Motion").

Grumman seeks leave to brief a partial motion to dismiss challenging under Rule 12(b)(6) the factual sufficiency of two counts of the Town's Second Amended Complaint ("SAC"). ECF No. 62. Grumman raises the bizarre argument that this Court granted the Town leave to allege new facts in the SAC but not to plead any additional causes of action. The Court's Order states the exact opposite: "Applying Rule 15(a)(2), I grant the Town leave to file a second amended complaint to *bring any claims or raise any factual allegations* relating to the alleged presence of hexavalent chromium at the Park. . . . The Town may file a second amended complaint specifically for the purpose of *pleading claims and/or facts* concerning the alleged presence of hexavalent chromium at the Park. ECF No. 59 at 98-99 (emphasis added).[1] This is exactly what the Town has done.

In support of its RCRA and public nuisance claims, the Town has alleged facts showing that
- Grumman generated substantial hexavalent chromium ("Cr6") waste streams as part of its regular manufacturing operations over many decades;[2]
- Grumman used at best rudimentary methods to treat these waste streams and disposed of the resulting sludge for more than a decade at what is now the Bethpage Community Park ("Park");[3]
- Some of the sludge Grumman disposed of at the Park contained significant Cr6 contamination at levels that exceed applicable or relevant regulatory thresholds;[4]

---

[1] Grumman has refused to date to respond to any of the Town's discovery requests regarding Cr6 that the Town served before the date on which the Town filed the SAC. In parallel, the Town moved to unseal portions of the court file in related litigation between Grumman and its insurers regarding the Park, and the Town has received yesterday evening newly disclosed documents that are highly relevant to Grumman's longstanding knowledge of Cr6 contamination.
[2] SAC ¶¶ 53-54, 60-63.
[3] SAC ¶¶ 60-63.
[4] SAC ¶¶ 28-33, 62-63.



Hon. Nusrat Choudhury
*Oyster Bay v. Northrop Grumman*
August 12, 2025
Page 2

- Even though Grumman's own documents show that Grumman knew not later than the 1990s that the sludge was contaminated with Cr6, Grumman intentionally concealed the nature and extent of both its disposal of Cr6 wastes and the resulting contamination;[5]
- When collecting and analyzing samples at the Park, Grumman excluded certain samples that were most likely to show the highest concentrations of Cr6 and/or analyzed only for chromium generally and not for Cr6;[6]
- Grumman continued intentionally to conceal the nature and extent of the Cr6 contamination even after the Town brought its motion for preliminary injunction in this case (ECF No. 40) highlighting the Town's newly discovered evidence of Cr6 contamination at the Park;[7]
- Grumman engaged in this misconduct to avoid entirely or at least long delay Grumman's environmental response costs to investigate and remediate Cr6 contamination at the Park;[8] and
- Grumman's misconduct has and will continue to frustrate and delay cleanup and reopening of the Park for the Bethpage community and has and will impose substantial financial burden on the Town, necessitating relief from this Court.[9]

All these new allegations support and are directly relevant to the Town's RCRA and public nuisance claims, which Grumman's Motion does not challenge, and they will be a central part of this case going forward regardless of the outcome of Grumman's proposed partial motion to dismiss.

Grumman's principal argument to the Court from the commencement of this suit is that the Court should do nothing and instead should trust Grumman to address Grumman's contamination of the Park.[10] Grumman's Cr6 fraud shows quite dramatically why Grumman's assurances to this Court are false and why this Court must grant relief under RCRA and for public nuisance.

These same factual allegations also support the Town's newly pled claims for intentional misrepresentation (Count III) or, in the alternative, negligent misrepresentation (Count IV). The Town is the owner of the Park. By misrepresenting the nature and extent of Grumman's generation and disposal of Cr6 and the continuing presence of Cr6 contamination beneath the surface of the Park, Grumman induced the Town to rely on Grumman's investigation and to forbear from conducting the Town's own investigation of Cr6 contamination and thereby caused injury to the Town by long delaying a much needed investigation and remediation of a highly toxic contaminant. This delay has caused and will continue to cause substantial financial injury to the Town by causing the Town to incur additional costs and to lose the use of portions of the Park for many more years to come.

---

[5] SAC ¶¶ 70-79.
[6] SAC ¶¶ 83-84, 90-92.
[7] SAC ¶¶ 190-200.
[8] SAC ¶¶ 4, 78, 80, 100.
[9] SAC ¶¶ 8, 237-239, 275.
[10] *See* ECF No. 12 at 3 ("NG is already taking the needed steps to address the issue."); ECF No. 31-1 at 1-2.



Hon. Nusrat Choudhury
*Oyster Bay v. Northrop Grumman*
August 12, 2025
Page 3

As the Town's SAC alleges, Grumman purported to sample for Cr6 at the Park before 2011.[11] Grumman points to this sampling activity as evidence that somehow requires the Court to dismiss the Town's amended claims under Rule 12(b)(6).[12] The Town, however, alleges that Grumman intentionally obfuscated the sampling to conceal and to minimize the nature and extent of the Cr6 contamination.[13] Grumman's sampling data showed such minimal Cr6 contamination that Grumman stopped testing for Cr6 in any of the thousands of other additional samples it subsequently collected. More than a decade later, when discovery of Grumman's concrete-encased drums buried beneath the Park prompted the Town to undertake its own sampling, the Town found extensive Cr6 contamination at dramatically higher levels than Grumman somehow had entirely missed in its prior sampling of exactly the same portion of the Park.[14] The Town further observed in the test pit excavations in the same area extensive visible evidence of metals contamination under the soil, and the Town directly observed Grumman deliberately excluding from their concurrent testing samples of the most obviously contaminated excavated soil.[15] In other words, Grumman asserts the mere fact that it collected and analyzed samples somehow proves there was no fraud, while the Town contends that how Grumman conducted and reported its sampling was a principal part of how Grumman carried out its fraud.

Grumman also argues the statute of limitations bars the misrepresentation claims. Grumman ignores that the Town specifically alleges it did not discover Grumman's extensive Cr6 contamination of the Park until the spring of 2024, when the unearthing of the drums that Grumman had hidden beneath the Park prompted the Town to initiate its own investigation and sampling.[16] As this Court has explained, the Town's prior "failure to raise any allegations regarding the presence of hexavalent chromium or the presence of toxic waste drums and encasements buried underneath the Park is understandable, since the first drums were not discovered until late March 2024, after the Amended Complaint was filed." (ECF No. 59 at 93 n.31).

Grumman attempts to confuse the issue by pointing to allegations about other past events that the Town includes in the SAC and suggesting that the Town's misrepresentation claims include Grumman's misrepresentations about other contamination. Cr6 is the sole basis for the relief that the Town seeks by its misrepresentation claims in Count III and IV, but the Town is entitled to put Grumman's misrepresentations in context to show that they were not merely negligent but intentional and part of a pattern of Grumman's wanton disregard for human health and the environment.

For the foregoing reasons, this Court should deny the Motion without briefing.

---

[11] SAC ¶¶ 89-92.
[12] Motion at 2.
[13] SAC ¶¶ 90-92, 252.
[14] SAC ¶¶ 174-179, 195.
[15] SAC ¶¶ 31-32, 175, 193-194, 198-199.
[16] SAC ¶ 178.



Respectfully submitted,

| | |
|---|---|
| */s/ Matthew F. Prewitt* | */s/ Russell B. Selman* |
| Matthew F. Prewitt | Russell B. Selman (*pro hac vice*) |
| ArentFox Schiff LLP | ArentFox Schiff LLP |
| 1301 Avenue of the Americas, 42nd Floor | 233 S. Wacker Drive, Suite 7100 |
| New York, NY 10019 United States | Chicago, IL, 60606 |
| Phone: 212.484.3900 | Phone : 312.258.5500 |
| Email: matthew.prewitt@afslaw.com | Email: russell.selman@afslaw.com |