IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

TOWN OF OYSTER BAY,

       Plaintiff,

v.

NORTHROP GRUMMAN SYSTEMS
CORPORATION,

       Defendant.

Civil Action No. 2:23-cv-07146

## NORTHROP GRUMMAN'S MEMORANDUM OF LAW IN SUPPORT OF PARTIAL MOTION TO DISMISS SECOND AMENDED COMPLAINT

Mark A. Chertok
SIVE, PAGET & RIESEL, P.C.
560 Lexington Avenue, 15th floor
New York, New York 10022
(212) 421-2150
mchertok@sprlaw.com

and

Grant J. Esposito
Proskauer Rose LLP
Eleven Times Square
New York, New York 10036
(212) 969-3010
gesposito@proskauer.com

*Attorneys for Defendant Northrop Grumman Systems Corporation*

# TABLE OF CONTENTS

PROCEDURAL HISTORY..................................................................................................1

SUMMARY OF ARGUMENT ..........................................................................................3

LEGAL STANDARD........................................................................................................4

ARGUMENT

    I.    The Town's Fraudulent Misrepresentation Cause of Action
        Fails to State a Claim ............................................................................................5

    A.    The Town Fails to Provide Necessary Details About the Alleged Material
        Omissions or Misrepresentations ......................................................................7

        i.    Alleged Omissions ...................................................................................7

        ii.    Alleged Misrepresentations ....................................................................9

        iii.    Alleged Actions, Not Omissions or Misrepresentations......................11

    B.    The Town Fails to Plead that the Alleged Omissions or Misrepresentations
        Were Made for the Purpose of Inducing the Town to Rely Upon Them...........11

    C.    The Town Fails to Allege any Justifiable Reliance on Any Alleged Material
        Omission or Misrepresentation or to Explain How the Town Was Misled by
        any Alleged Omissions or Misrepresentations .................................................13

    D.    The Town Fails to Allege any Actionable Injury ............................................14

    E.    Documents Relied on by the SAC Confirm the Implausibility of the
        Misrepresentation Claims .................................................................................16

    II.    The Town's Negligent Misrepresentation Claims Also Fail ............................17

    A.    The Town Fails to Allege a Sufficient "Special Relationship" With NG.........18

    B.    The Town Fails to Allege that NG Negligently Provided Incorrect Information..............20

    C.    The Town Fails to Allege that It Reasonably Relied Upon the Information Given .........22

CONCLUSION.................................................................................................................23

# TABLE OF AUTHORITIES

**CASES**                                                                                                          **PAGE(S)**

*34 Prince Equities Llc v. Marvel Architects Pllc*,
    No. 650382/2021, 2023 N.Y. Misc. LEXIS 818 (Sup. Ct. N.Y. Cnty. Jan. 13, 2023)......20

*Acito v. IMCERA Group, Inc.*,
    47 F.3d 47 (2d Cir. 1995).................................................................................................11

*Amusement Indus., Inc. v. Stern*,
    786 F. Supp. 2d 758 (S.D.N.Y. 2011).............................................................................20

*Anschutz Corp. v. Merrill Lynch & Co.*,
    690 F.3d 98 (2d Cir. 2012).................................................................6, 7, 9, 19, 21, 22

*Arnold Chevrolet LLC v. Trib. Co.*,
    No. 04-CV-3097 (DRH)(WDW), 2007 WL 2743490 (E.D.N.Y. Sep. 17, 2007) .......18, 21

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009).........................................................................................................4

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007).........................................................................................................4

*Brumfield v. Merck & Co.*,
    No. 17-CV-6526 (JFB)(ARL), 2018 WL 2277835 (E.D.N.Y. May 18, 2018) ................10

*Connaughton v. Chipotle Mexican Grill, Inc.*,
    75 N.E.3d 1159 (N.Y. 2017)....................................................................................14, 15

*Dallas Aerospace, Inc. v. CIS Air Corp.*,
    352 F.3d 775 (2d Cir. 2003)...........................................................................................19

*Davidoff v. Hershfield*,
    224 N.Y.S.3d 468 (N.Y. App. Div. 2d Dept. 2024) ...........................................5, 8, 10, 13

*Delcor Laboratories, Inc. v. Cosmair, Inc.*,
    564 N.Y.S.2d 771 (N.Y. App. Div. 1st Dept. 1991)........................................................15

*Dress Shirt Sales, Inc. v. Hotel Martinique Associates*,
    190 N.E.2d 10 (N.Y. 1963)............................................................................................15

*ECA, Local 134 IBEW Joint Pension Trust of Chicago v. JP Morgan Chase Co.*,
    553 F.3d 187 (2d Cir. 2019)...........................................................................................12

*Envirocon, Inc. v. Brookhaven Sci. Assocs., LLC*,
No. 06-CV-3137 (TCP)(MLO), 2006 WL 8435927 (E.D.N.Y. Dec. 26, 2006) ...............18

*Eternity Glob. Master Fund Ltd. v. Morgan Guar. Tr. Co. of N.Y.*,
375 F.3d 168 (2d Cir. 2004)........................................................................................18, 22

*Goldberg v. Mallinckrodt, Inc.*,
792 F.2d 305 (2d Cir. 1986)...............................................................................................14

*Goonewardena v. Forster & Garbus LLP*,
No. 18-CV-00029, 2019 WL 121677 (E.D.N.Y. Jan. 7, 2019) ...................................12, 13

*Houbigant, Inc. v. Dev. Specialists, Inc.*,
229 F.Supp.2d 208 (S.D.N.Y. 2002).................................................................................19

*Hydro Inv'rs, Inc. v. Trafalgar Power Inc.*,
227 F.3d 8 (2d Cir. 2000)..................................................................................................21

*Ideal Steel Supply Corp. v. Anza*,
882 N.Y.S.2d 190 (N.Y. App. Div. 2d Dept. 2009) ...........................................................13

*In re Morgan Stanley and Van Kampen Mut. Fund Securities Litig.*,
No. 03-CV-8208 RO, 2006 WL 1008138 (S.D.N.Y. Apr. 18, 2006)...............................13

*Kaplan Grp. Invs. LLC v. A.S.A.P. Logistics Ltd.*,
694 F. Supp. 3d 374 (S.D.N.Y. 2023)..............................................................................6, 7

*Kaye v. Grossman*,
202 F.3d 611 (2d Cir. 2000)..........................................................................................14, 15

*Kimmell v. Schaefer*,
675 N.E.2d 715 (N.Y. 1996).....................................................................................18. 19, 22

*LBBW Luxemburg S.A. v. Wells Fargo Sec. LLC*,
10 F.Supp.3d 504 (S.D.N.Y. 2014) ...................................................................................21

*Lerner v. Fleet Bank, N.A.*,
459 F.3d 273 (2d Cir. 2006)...............................................................................................11

*Master Fund Ltd. v. Morgan Guar. Tr. Co. of N.Y.*,
375 F.3d 168 (2d Cir. 2004)........................................................................................18, 22

*Muller-Paisner v. TIAA*,
289 F. App'x 461 (2d Cir. 2008) ......................................................................................18

*Mumin v. Uber Techs., Inc.*,
    239 F. Supp. 3d 507 (E.D.N.Y. 2017) ............................................................9

*Obstfeld v. Unifin, Inc.*,
    774 F. Supp. 3d 497 (E.D.N.Y. 2025) .............................................5, 8, 15, 16

*Saltz v. First Frontier, LP*,
    782 F. Supp. 2d 61 (S.D.N.Y. 2010)............................................................17

*Schneider v. Pearson Educ., Inc.*,
    No. 12 Civ. 6392 (JPO), 2013 WL 1386968 (S.D.N.Y. 2013)...........................8

*Spinnato v. Unity of Omaha Life Ins. Co.*,
    322 F. Supp. 3d 377 (E.D.N.Y. 2018) ...............................................13, 21, 22

*Suez Equity Investors*,
    250 F.3d 87 (2d Cir. 2001).......................................................................22

*Techno-Comp, Inc. v. Arcabascio*,
    130 F. Supp. 3d 734 (E.D.N.Y. 2015) .......................................................8, 10

*Thomas H. Lee Equity Fund V, L.P. v. Mayer Brown, Rowe & Maw LLP*,
    612 F. Supp. 2d 267 (S.D.N.Y. 2009)..........................................................19

*Tradeshift, Inc. v. Smucker Servs. Co.*,
    No. 20-CV-3661 (MKV), 2021 WL 4463109 (S.D.N.Y. Sep. 29, 2021)........................20

*United Merchandise Wholesale, Inc. v. IFFCO, Inc.*,
    51 F. Supp. 3d 249 (E.D.N.Y. 2014) ....................................................7, 8, 9, 13

*U.S. v. Int'l Longshoremen's Ass'n*,
    518 F. Supp. 2d 422 (E.D.N.Y. 2007) ..........................................................5

*United Teamster Fund v. Magnacare Admin. Servs.*,
    39 F. Supp. 3d 461 (S.D.N.Y. 2014)............................................................11

*Viania v. Zimmer, Inc.*, No. 217CV1641ADSAYS,
    No. 2:17-cv-1641 (ADS)(AYS), 2017 WL 5714725 (E.D.N.Y. Nov. 27, 2017).............21

*Weingot v. Unison Agreement Corp.*,
    No. CV 21-4542 (JS)(AYS), 2023 WL 5152478 (E.D.N.Y. July 20, 2023)...............12, 13

*Weinstein v. CohnReznick, LLP*,
    43 N.Y.S.3d 387 (N.Y. App. Div. 2d Dept. 2016) ............................................9

*Woori Bank v. RBS Sec., Inc.*,
    910 F. Supp. 2d 697 (S.D.N.Y. 2012)..............................................................................20

**STATUTES**

Fed. R. Civ. P. 9(b) ...........................................................................3, 5, 6, 8, 13, 21, 22, 24

Fed. R. Civ. P. 12(b)(6)................................................................................1, 2, 4, 5, 7


**OTHER AUTHORITIES**

Dvirka & Bartilucci Consulting Eng'rs, *Bethpage Community Park Investigation Sampling Program Field Report* (Dec. 2003), https://extapps.dec.ny.gov/docs/remediation_hudson_pdf/bcpark.pdf.pdf ....................................................................................................4, 16, 17, 21

Arcadis, *Remedial Investigation/Feasibility Study Work Plan: Former Grumman Settling Ponds (Operable Unit 3 – Bethpage Community Park), Bethpage, New York* (Mar. 8, 2006), https://extapps.dec.ny.gov/data/DecDocs/130003A/Work%20Plan.HW.130003A.2006-03-08.RI_FS_Work_Plan_Volume_1.pdf................................................................................16, 17

Arcadis, *Remedial Investigation Report (Site Area): Operatable Unit 3 (Former Grumman Settling Ponds), Bethpage, New York* (Feb. 8, 2011), https://extapps.dec.ny.gov/data/DecDocs/130003A/Report.HW.130003A.2011-02-08.NGC_OU3_Onsite_RI_Report_Final.pdf .......................16, 17

This Memorandum of Law is submitted in support of the motion by Northrop Grumman Systems Corporation ("Northrop Grumman" or "NG") to dismiss the Town of Oyster Bay's (the "Town") claims for relief alleging fraudulent and negligent misrepresentation pursuant to Fed. R. Civ. P. 12(b)(6). As demonstrated below, those claims are implausible, do not meet fundamental pleading requirements, and, where the Town has invoked and relied on records, those very documents contradict its allegations and confirm that its misrepresentation claims are baseless.

## PROCEDURAL HISTORY

In 1962, NG's predecessor donated to the Town 18 acres for use as a park, known today as the Bethpage Community Park (the "Park").[1] Decades later, NG discovered environmental issues in a limited area of the Park allegedly arising, in part, from the Company's historical airplane and aerospace manufacturing operations during and after World War II at the neighboring 600-acre U.S. Navy/Grumman Bethpage Facility. Since that discovery, NG has been working with the New York State Department of Environmental Conservation ("NYSDEC"), the U.S. Environmental Protection Agency ("EPA"), and other agencies to investigate and remediate those environmental issues. For decades, the Town, which also contributed to contamination at the Park, has been aware of and involved in efforts to remediate the Park.

In September 2023, the Town nevertheless filed a lawsuit against NG asserting four causes of action related to the Park remediation: one under the Toxic Substances Control Act ("TSCA"), two under the Resource Conservation and Recovery Act ("RCRA"), and one under the Clean Water Act ("CWA"). *See* Complaint (ECF 1). In February 2024, the Town served an Amended Complaint (the "First Amended Complaint") dropping its meritless CWA claim and adding a

---

[1] Northrop Grumman Systems Corporation is a subsidiary of Northrop Grumman Corporation; along with predecessors Grumman and Grumman Aerospace Corporation, they are referred to herein collectively and/or individually as Northrop Grumman or NG.

public nuisance claim seeking injunctive and monetary relief and a promissory estoppel claim.  *See* First Amended Complaint (ECF 22).  In May 2024, NG moved to dismiss the Town's First Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6).  *See* NG Motion to Dismiss (ECF 31). Following oral argument, the Court dismissed all of the Town's claims except two: (1) the Town's imminent and substantial endangerment claim under RCRA and (2) the Town's public nuisance claim.  Both of these claims seek injunctive relief.  *See* Op. & Order, May 19, 2025 (ECF 59). Thus, since the Town filed its initial Complaint, five of the Town's seven claims have been dismissed or withdrawn.[2]

In its May 2025 Order, the Court granted the Town leave to file a Second Amended Complaint ("SAC") adding causes of action concerning hexavalent chromium.  In July 2025, the Town served its SAC, which added two new common law claims—fraudulent misrepresentation and negligent misrepresentation.  The SAC, like its predecessors, criticizes the remedy for the Park approved by the lead regulator, NYSDEC, in 2013—a remedy that the Town could have but did not challenge at the time and for years after.  Now, however, following the dismissal of multiple claims, the Town complains about NYSDEC's supposed failure to impose a remedy that goes well beyond what the law requires.  Tellingly, the Town once again did not make NYSDEC a party to this action.  *See* SAC (ECF 62).

## SUMMARY OF ARGUMENT

The Town's new misrepresentation claims fail for many of the same reasons this Court previously dismissed the Town's promissory estoppel claim—the Town has not, and cannot, plead

---

[2] In November 2024, the Town also sought a preliminary injunction to stay an investigation aimed at providing geophysical consultants information needed to interpret the results of the Park-wide geophysical survey and ascertain if there are any additional drums in the Park—an investigation presumably desired by the Town.  *See* ECF 40.  The motion, which the Court denied, delayed that investigation by some six months.

essential elements of either claim, both of which are subject to the heightened pleading standards under Fed. R. Civ. P. 9(b), which requires a plaintiff to state the particular circumstances surrounding the alleged fraud or mistake.

Once again, the Town's fraudulent misrepresentation claim is based entirely on speculation and should be dismissed under settled law for four separate reasons: the Town (1) fails to provide necessary details about each of the alleged omissions and misrepresentations that are the basis of the claim, (2) fails to assert that any of the alleged omissions or misrepresentations were made for the purpose of inducing the Town to rely upon them, (3) fails to allege any justifiable reliance on any alleged omission or misrepresentation or explain how the Town was misled by any omission or misrepresentation, and (4) fails to allege any actionable injury. The Town's negligent misrepresentation claim should also be dismissed for three separate reasons: the Town (1) fails to allege a "special relationship" with NG sufficient to maintain such a claim, (2) fails to allege that NG negligently provided incorrect information, and (3) fails to allege that the Town reasonably relied upon any information provided.

In addition, the Town's allegations incorporate certain documents that undermine their new claims. Most critically, those documents show that, despite the Town's overblown fear mongering about hexavalent chromium, NG sampled extensively for hexavalent chromium and reported those results in publicly available documents—belying the Town's claim that NG (and NYSDEC) have refused to address and report the presence of this substance in the Park. For example, the December 2003 Field Report mentions "hexavalent chromium" almost 100 times and notes that 228 soil samples taken during the Investigation Sampling Program were analyzed for hexavalent chromium. *See* Dvirka & Bartilucci Consulting Eng'rs, Bethpage Community Park Investigation Sampling Program Field Report (Dec. 2003) ("December 2003 Field Report"), annexed hereto as

Exhibit ("Ex.") A to the Declaration of Mark A. Chertok, dated September 30, 2025 ("Chertok Dec."), at 3-14. The Town's hyperbole cannot overcome the undisputed contents of the very documents it references in the SAC.

With its SAC, the Town once again seeks to add meritless claims to generate protracted, expensive, and unnecessary motion practice, delaying the very cleanup NG and the regulators are keen to finish. The Court should dismiss the Town's new claims, and the parties should focus on what this dispute is actually about—whether the Town will, finally, discuss with NG and the regulators a final cleanup plan for the Park that complies with applicable regulatory standards and includes a new baseball field for Town residents constructed by NG to replace the former ballfield.

## LEGAL STANDARD

The Town's new claims, like their previously dismissed claims, fail under Rule 12(b)(6) because the Town has not, and cannot, plead essential elements of either claim. When deciding a motion to dismiss under Rule 12(b)(6), the court will consider whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "The plausibility standard is not akin to a 'probability requirement', but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). When deciding a (12)(b)(6) motion, a court may utilize other documents to the extent they are effectively referenced

in and relied on by the complaint. *See U.S. v. Int'l Longshoremen's Ass'n*, 518 F. Supp. 2d 422, 451–52 (E.D.N.Y. 2007).

This Court previously ruled that, by "pointing generally to the various agreements with regulators, statements on its website, and unspecified conversations with the Town," and "generally mention[ing] Northrop Grumman's 'representations'," the Town failed to state a claim for promissory estoppel in its First Amended Complaint under the normal pleading requirements of Rule 12(b)(6).  Op. & Order, May 19, 2025 (ECF 59), at 78.  The Town's allegations of fraudulent misrepresentation and negligent misrepresentation suffer from the same deficiencies and cannot withstand scrutiny under the applicable Fed. R. Civ. P. 9(b) heightened pleading standard.[3]

## ARGUMENT

### I.    The Town's Fraudulent Misrepresentation Cause of Action Fails to State a Claim.

To state a cognizable claim for fraudulent misrepresentation under New York law, the Town must allege "(1) a misrepresentation or an omission of material fact which was false and known to be false by the defendant, (2) the misrepresentation was made for the purpose of inducing the plaintiff to rely upon it, (3) justifiable reliance of the plaintiff on the misrepresentation or material omission, and (4) injury.  *Davidoff v. Hershfield*, 224 N.Y.S.3d 468, 470 (N.Y. App. Div. 2d Dept. 2024); *Obstfeld v. Unifin, Inc.*, 774 F. Supp. 3d 497, 504 (E.D.N.Y. 2025) (quoting *id.*).  Claims of fraudulent misrepresentation are also subject to heightened pleading standards under Fed. R. Civ. P. 9(b), requiring the plaintiff to "state with particularity the circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must

---

[3] NG assumes, solely for purposes of this motion, the correctness of the allegations in the SAC— except for those contradicted by documents referenced and relied on by the SAC.

state with particularity the circumstances constituting fraud or mistake."); *Kaplan Grp. Invs. LLC v. A.S.A.P. Logistics Ltd.*, 694 F. Supp. 3d 374, 389 (S.D.N.Y. 2023) (citing *Anschutz Corp. v. Merrill Lynch & Co.*, 690 F.3d 98, 108 (2d Cir. 2012)).

Here, the Town claims that NG made material omissions (SAC ¶¶ 74–75, 87, 91–92, 246–49, 251-52, 254) and misrepresentations (SAC ¶¶ 88, 92, 172–73, 189, 200, 243–44, 252–53, 255, 261, 264–68, 272), which allegedly constituted fraudulent misrepresentation.  However, the Town's allegations fail to meet the required elements of a fraudulent misrepresentation claim, including the heightened pleading standard requirements.  For example:

- The Town alleges that NG, in one report from 2003, one report from 2006, and one from 2011, did not say "that it had disposed of hexavalent chromium" in the Park (SAC ¶¶ 87–88, 92, 250–252), despite NG's knowledge that it had disposed of hazardous wastes beneath the Park, including hexavalent chromium.  Setting aside whether this allegation is true, the Town cannot state a claim for fraudulent misrepresentation because these reports were not direct communications between NG and the Town.

- The Town alleges that NG described hexavalent chromium sampling results in 2025 that the Town disagrees with based on its own sampling.  However, the Town fails to state a claim for relief because it does not allege that the Town was misled by NG's description.

- The Town alleges that NG (1) intentionally "designed" and "implemented" plans and measures to avoid detecting hexavalent chromium (SAC ¶¶ 104, 146, 196, 250–252); (2) chose not to sample certain materials "to conceal the risks posed by hexavalent chromium in [the Park]" (SAC ¶ 196); and (3) prepared a site history based on a conversation with a single employee to "intentionally" avoid finding "material information" (SAC ¶ 252).

6

Setting aside whether these allegations are plausible or not, they involve actions—not omissions or misrepresentations—and therefore fail to state a claim.[4]

### A. The Town Fails to Provide Necessary Details About the Alleged Material Omissions or Misrepresentations.

To meet the requirements of Fed. R. Civ. P. 12(b)(6) and the heightened pleading standard for fraudulent misrepresentation, the Town must state with specificity which particular statements it alleges are fraudulent, including where, when, and by whom such statements were made, and explain why the statements were fraudulent. *Anschutz*, 690 F.3d at 108; *Kaplan Grp. Invs. LLC*, 694 F. Supp. 3d at 388. And where "alleged fraud is premised on an omission, a plaintiff must specify the person responsible for the failure to speak, the context of the omission, and the manner in which the omission misled the plaintiff." *United Merchandise Wholesale, Inc. v. IFFCO, Inc.*, 51 F. Supp. 3d 249, 268–69 (E.D.N.Y. 2014) (internal quotations and citations omitted).

### i. Alleged Omissions

The thrust of the Town's allegations claiming omissions by NG (SAC ¶¶ 74–75, 87, 91–92, 246–49, 251-52, 254) is that NG did not identify hexavalent chromium in several reports, including the 1990 Remedial Investigation/Feasibility Study ("RI/FS"), the 2011 Remedial Investigation Report ("RIR"), 2003 Field Report, and the March 2006 RI/FS Work Plan. However,

---

[4] The Town also made allegations in support of its fraudulent misrepresentation claim that do not explicitly address hexavalent chromium and also fail to meet the applicable pleading standards, including that NG (1) "falsely stated that the apparent historical activities that occurred in the Park are not well understood or documented" (SAC ¶¶ 92, 252), which is an opinion—not an actionable misrepresentation; (2) made false statements regarding its investigation for drums (SAC ¶¶ 172-73, 261), without providing the actual alleged statements or identifying who made them; (3) falsely represented to the Court how NG would sample and remove soil from the Park during the drum investigations (SAC ¶¶ 189, 196, 200, 265-66), which is directly contradicted by the hearing transcript; and (4) intentionally "designed" and "implemented" plans and measures to avoid detecting buried drums in the Park (SAC ¶¶ 250-252), which involves actions—not omissions or misrepresentations.

the Town's pleadings (1) fail to provide any context for the omissions, (2) fail to identify who at NG was responsible for the failure to speak or for not including the information, and (3) fail to allege facts demonstrating that the alleged omissions were material. *See id.*; *Davidoff*, 224 N.Y.S.3d at 470; *Obstfeld*, 774 F.Supp.3d at 504; *United Merchandise Wholesale, Inc.*, 51 F. Supp. 3d at 268–69.  Moreover, the Town fails to claim that any of these reports were prepared by NG for the Town, and therefore the Town fails to allege that any of the reports were direct communications between NG or the Town.  *See Techno-Comp, Inc. v. Arcabascio*, 130 F. Supp. 3d 734, 742 (E.D.N.Y. 2015) ("[A] plaintiff's complaint [alleging fraudulent misrepresentation] cannot survive a motion to dismiss if it does not allege any specific communications whatsoever with the defendant.").

Each of these failures independently requires dismissal of the Town's fraudulent misrepresentation claim for failure to meet the Fed. R. Civ. P. 9(b) heightened pleading standards. *See United Merchandise Wholesale, Inc.*, 51 F.Supp.3d at 268–69 (a claim for fraudulent misrepresentation based on an omission did not satisfy the requirements of Rule 9(b) where the plaintiff failed to "include any details concerning which representatives of [the entity] chose not to disclose information" about a particular brand); *Schneider v. Pearson Educ., Inc.*, No. 12 Civ. 6392 (JPO), 2013 WL 1386968, at *5 (S.D.N.Y. 2013) (dismissing plaintiff's fraud claim where plaintiff failed to meet the Rule 9(b) heightened pleading standards).

For example, the Town alleges that NG omitted the Park from the 1990 Remedial Investigation/Feasibility Study for a different site, the U.S. Navy/Grumman Bethpage Facility. Not only does the Town not plead, as it must, who at NG was supposedly responsible for the alleged omission, but the Town does not explain (nor could it explain) why such an omission was

somehow material for an RI/FS that addressed contamination at the separate Bethpage Facility and not the Park.  *See* SAC ¶¶ 74–75; 246–48.

Moreover, the Town claims that NG omitted the alleged disposal of hexavalent chromium in the Park from the 2011 RIR (SAC ¶¶ 92, 252), the December 2003 Field Report (SAC ¶ 87, 251), and the March 2006 RI/FS Work Plan (SAC ¶¶ 91, 251).  However, as explained below, the reports *described the presence of hexavalent chromium* that the Town claims NG was trying to hide, with each describing the extensive amount of testing done in the Park for hexavalent chromium.  *See* discussion *supra* I.E.  Accordingly, the claims based on omissions fail.  *See United Merchandise Wholesale, Inc.*, 51 F. Supp. 3d at 268–69; *Weinstein v. CohnReznick, LLP*, 43 N.Y.S.3d 387, 389 (N.Y. App. Div. 2d Dept. 2016) (dismissing causes of action alleging fraud and fraudulent concealment where "plaintiffs failed to make specific factual allegations that would establish that [defendant] knowingly misrepresented a material fact for the purpose of inducing the plaintiffs' reliance . . . .").

### ii.  Alleged Misrepresentations

The Town also advances a series of alleged misrepresentations, none of which meets the required plausibility and pleading standards.  Because courts are properly wary of unsubstantiated fraud claims, the Town must allege the proverbial who, what, where and when detailing the alleged misrepresentations.  The Town did not do so, failing to (1) identify the particular false statements made (SAC ¶¶ 88, 172–73, 261, 272), (2)  explain how any such statements were fraudulent (SAC ¶¶ 88, 92, 172–73, 252, 261, 272), (3) specify where or when such statements were made (SAC ¶¶ 88, 172–73, 261), or (4) identify by whom such statements were made (SAC ¶¶ 189, 200, 265–68, 272).  *Anschutz*, 690 F.3d at 108; *see also Mumin v. Uber Techs., Inc.*, 239 F. Supp. 3d 507, 540

(E.D.N.Y. 2017) (dismissing a fraudulent misrepresentation claim for "fail[ing] to identify the allegedly fraudulent statements at issue or the circumstances under which they were made . . . .").

For example, the Town alleges that NG intentionally and fraudulently concealed the presence of hexavalent chromium, including buried drums filled with chromium-containing sludge, at the Park (SAC ¶¶ 220, 243–44, 253, 255), but fails to plead with particularity the specific false statements NG allegedly made or any direct communications with the Town. Similarly, the Town alleges with no specific details that NG falsely claimed that it had diligently searched for more drums and that no additional drums were present, but does not identify who made these statements or when or where they were made or allege that NG knew these statements were false. (SAC ¶¶ 173, 261). The Town also alleges that NG informed the Town in a 2025 email that sampling results "did not show elevated levels of hexavalent chromium in the ballfield" (SAC ¶¶ 267–68), but does not allege that these statements were even false or that NG knew these statements were false. Rather, the SAC simply advances conclusory allegations that fall far short of meeting the requirements for particularity.

The Town also bases its fraudulent misrepresentation claim in part on NG's assessments, including that the apparent historical activities that occurred in the Park "are not well understood or documented" (SAC ¶¶ 92, 252, 264), even though opinions are not actionable statements in fraudulent misrepresentation claims. *See Davidoff*, 224 N.Y.S.3d at 470 ("A representation of opinion . . . will not sustain an action for fraud.") (internal quotation and citation omitted). As with the Town's claims of NG's alleged omissions, each of these failures independently requires dismissal of the Town's fraudulent misrepresentation claim. *See Techno-Comp, Inc.*, 130 F. Supp. 3d at 742 (dismissing a fraudulent misrepresentation claim that did not include "factual allegations of any *specific* statement or representation."); *Brumfield v. Merck & Co.*, No. 17-CV-6526

(JFB)(ARL), 2018 WL 2277835, at *4 (E.D.N.Y. May 18, 2018) (dismissing plaintiff's fraudulent misrepresentation claim where plaintiff's complaint "lack[ed] the requisite 'who,' 'what,' 'when,' 'where,' and 'how' of the alleged fraud.").[5]

### iii. Alleged Actions, Not Omissions or Misrepresentations

The Town also incorrectly alleges several actions, rather than misrepresentations or omissions, to support its fraudulent misrepresentation claim, including that NG (1) improperly designed its RI plans to minimize sampling for hexavalent chromium (SAC ¶ 250) and improperly designed the Interim Remedial Measures ("IRM") to capture and treat groundwater under the Park (SAC ¶ 104); (2) "spoke to only one of its former employees when preparing its own site history," (SAC ¶ 252); and (3) completed insufficient investigations and sampling (SAC ¶¶ 90, 146, 196, 273). Setting aside that the Town knew about and did not challenge those historical steps at the time or for years after, by solely pleading allegedly insufficient *actions*, the Town fails to specify any actual alleged material omission or misrepresentation, which is necessary to maintain a fraudulent misrepresentation claim. *See United Teamster Fund v. Magnacare Admin. Servs.*, 39 F. Supp. 3d 461, 473–74 (S.D.N.Y. 2014) (holding that an allegation concerning an action, that the defendant "reviewed claims improperly," "does not concern a misrepresentation or omission"

---

[5] Moreover, despite there being a transcript, the Town misstates the representations made by NG to the court regarding how soil would be handled "during excavation activities involving the search for additional buried drums" (SAC ¶¶ 189, 200, 265–66). The Town inaccurately claims that NG "falsely represented to this Court that, during excavation activities involving the search for additional buried drums, Northrop Grumman would sample any visibly contaminated materials . . . ." As easily verified in the hearing transcript, however, NG's counsel stated during the January 16, 2025 hearing that if sampled soil is "not grossly contaminated, then it [will be] put back into the excavation." *See* January 16, 2025 Hearing Transcript at 133, ln. 23–25. At no point did NG state that it would "sample any visibly contaminated materials." (SAC ¶ 265). Thus, the Town's allegations regarding alleged misrepresentations made to the Court are not only insufficiently pled, they are also inaccurate.

and therefore, "cannot form the basis for a fraud claim.").  For this reason too, the SAC fails to state a claim for fraudulent misrepresentation.

### B. The Town Fails to Plead that the Alleged Omissions or Misrepresentations Were Made for the Purpose of Inducing the Town to Rely Upon Them.

To sufficiently allege that an omission or misrepresentation was made for the purpose of inducing a plaintiff to rely upon it, a plaintiff "must allege facts that give rise to a strong inference of fraudulent intent." *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 290 (2d Cir. 2006) (quoting *Acito v. IMCERA Group, Inc.,* 47 F.3d 47, 52 (2d Cir. 1995)).  The requisite 'strong inference' of fraud may be established either by "(1) alleging facts to show that defendants had both motive and opportunity to commit fraud, or by (2) by alleging facts that constitute strong circumstantial evidence of conscious misbehavior or recklessness."  *Goonewardena v. Forster & Garbus LLP*, No. 18-CV-00029, 2019 WL 121677, at *7 (E.D.N.Y. Jan. 7, 2019) (internal citations and quotations omitted).  "To show motive and opportunity, a plaintiff must allege that the defendant benefitted in some concrete and personal way from the purported fraud."  *Id*. (quoting *ECA, Local 134 IBEW Joint Pension Trust of Chicago v. JP Morgan Chase Co.*, 553 F.3d 187, 198 (2d Cir. 2019)); *Weingot v. Unison Agreement Corp.*, No. CV 21-4542 (JS)(AYS), 2023 WL 5152478, at *6 (E.D.N.Y. July 20, 2023) (quoting *id.*), report and recommendation adopted as modified, No. 21-CV-4542 (JS)(AYS), 2024 WL 1191106 (E.D.N.Y. Mar. 20, 2024).

The SAC fails to plead that any alleged omissions or misrepresentations were made for the purpose of inducing the Town to rely upon them, which also requires dismissal of the fraudulent misrepresentation claim.  Indeed, the majority of alleged omissions or misrepresentations were not even directed at the Town.  (SAC ¶¶ 74–75, 87, 92, 246–48, 251–52).  The only inducement the Town alleges stems from its claim that NG improperly designed its RI plans to minimize sampling for hexavalent chromium (SAC ¶ 250) and improperly designed the IRM to capture and treat

groundwater under the Park (SAC ¶¶ 104, 139), both of which NYSDEC approved—neither of which are an omission or misrepresentation. But, as demonstrated above, any alleged inducement stemming from the alleged problematic design cannot be used to bring a fraudulent misrepresentation claim. *See* discussion *supra* I.A.iii.

Moreover, the Town does not allege any facts giving rise to a "strong inference of fraudulent intent" by alleging facts that (1) show NG benefited in a concrete way from the purported fraud or (2) establish "strong circumstantial evidence of conscious misbehavior or recklessness" on NG's part. *Goonewardena*, 2019 WL 121677, at *7; *Weingot*, 2023 WL 5152478, at *6. Instead, the Town speculates that NG was trying to avoid unspecified "financial responsibility" and "public disclosure," (SAC ¶¶ 100, 248, 250) neither of which is a concrete benefit or supported by any alleged facts. *See Spinnato v. Unity of Omaha Life Ins. Co.*, 322 F. Supp. 3d 377, 401 (E.D.N.Y. 2018) (alleging "a general profit-seeking motivation . . . is insufficient to allege fraudulent intent") (compiling cases); *In re Morgan Stanley and Van Kampen Mut. Fund Securities Litig.*, No. 03 CIV. 8208 (RO), 2006 WL 1008138, at *10 (S.D.N.Y. Apr. 18, 2006) ("allegations that defendants stand[ ] to gain economically from fraud do not satisfy the heightened pleading requirements of Rule 9(b)") (internal quotations and citations omitted).

### C. The Town Fails to Allege any Justifiable Reliance on Any Alleged Material Omission or Misrepresentation or to Explain How the Town Was Misled by any Alleged Omissions or Misrepresentations.

When claiming fraudulent misrepresentation, a plaintiff must allege that it relied on the alleged material omission or misrepresentation and that such reliance was "justifiable" or "reasonable." *Davidoff v. Hershfield*, 224 N.Y.S.3d at 470; *United Merchandise Wholesale, Inc.*, 51 F. Supp. 3d at 268–69. To plead reliance, a plaintiff is "required to allege that it was induced to act or refrain from acting to its detriment by virtue of the false representation." *Ideal Steel*

*Supply Corp. v. Anza*, 882 N.Y.S.2d 190, 191 (N.Y. App. Div. 2d Dept. 2009) (affirming dismissal of cause of action for fraudulent misrepresentation where the plaintiff "failed to allege that its . . . expenditure resulted from the false representation and would not otherwise have been incurred").

Here, the Town fails to allege that its reliance on any of the alleged omissions or misrepresentations was "justifiable" or "reasonable." In fact, neither word is used once in the SAC. This alone is sufficient to dismiss the Town's fraudulent misrepresentation claim. *United Merchandise Wholesale, Inc.*, 51 F. Supp. 3d at 270 (holding that where plaintiff's Complaint did not allege reasonable reliance, it did not adequately allege that element of a fraudulent misrepresentation claim). Moreover, the Town fails to allege any reliance whatsoever on the alleged misrepresentations (*See* SAC ¶¶ 88, 104, 172–73, 189, 196, 200, 252, 261, 265–68).

The Town's allegations claiming material omissions or misrepresentations (SAC ¶¶ 74–75, 87–88, 92, 172–73, 189, 200, 246–48, 252, 261, 265–68) also fail to explain how the Town was supposedly misled. For example, the Town alleges that NG (1) did not disclose certain hexavalent chromium disposal practices in field reports outlining sampling results (SAC ¶¶ 87, 251, 253) and (2) stated in the February 2011 RIR "the apparent historical activities that occurred in the Park are not well understood or documented" (SAC ¶¶ 92, 252). What is missing and required, however, is "the manner in which the omission misled," without which the Town's claim should be dismissed. *United Merchandise Wholesale, Inc.*, 51 F. Supp. 3d at 269.

As such, the Town has failed to allege justifiable reliance of the Town on any alleged omission or representation.

### D.  The Town Fails to Allege any Actionable Injury.

Next, to recover for fraudulent misrepresentation, the plaintiff's damages "must be the direct, immediate, and proximate result of the fraudulent misrepresentation." *Goldberg v.*

*Mallinckrodt, Inc.*, 792 F.2d 305, 307 (2d Cir. 1986); *see also Kaye v. Grossman*, 202 F.3d 611, 614 (2d Cir. 2000). This means that the injury alleged must be actual and pecuniary. *Connaughton v. Chipotle Mexican Grill, Inc.*, 75 N.E.3d 1159, 1163 (N.Y. 2017) ("[T]he true measure of damage is indemnity for the actual pecuniary loss sustained as the direct result of the wrong' or what is known as the 'out-of-pocket' rule. . . . Here, plaintiff's pleading is fatally deficient because he did not assert compensable damages resulting from defendants' alleged fraud." (internal quotations omitted)). Intangible or speculative losses such as lost opportunity, lost time, confusion, or loss of future profits are not recoverable in an action for fraudulent misrepresentation. *Id.*; *Kaye*, 202 F.3d at 614; *Dress Shirt Sales, Inc. v. Hotel Martinique Associates*, 190 N.E.2d 10, 12 (N.Y. 1963); *Delcor Laboratories, Inc. v. Cosmair, Inc.*, 564 N.Y.S.2d 771, 772 (N.Y. App. Div. 1st Dept. 1991); *Obstfeld v. Unifin, Inc.*, 774 F. Supp. 3d at 504–05.

The Town fails to adequately plead the "out of pocket" damages required for a fraudulent misrepresentation claim. *See Connaughton*, 75 N.E.3d at 1163. Instead, the Town either fails to allege any injury resulting from the alleged material omissions or misrepresentations (SAC ¶¶ 88, 92, 189, 200, 252, 265–66), or only alleges intangible and speculative losses (SAC ¶¶ 74–75, 92, 104, 146, 172–73, 196, 246–48, 250, 252, 258, 261, 267–68, 275), neither of which is sufficient to maintain a fraudulent misrepresentation claim. *See Dress Shirt Sales, Inc.*, 190 N.E.2d at 12; *Delcor Laboratories, Inc.*, 564 N.Y.S.2d at 772; *Obstfeld*, 774 F. Supp. 3d at 504–05.

For example, the Town's allegations that certain omissions from reports "[p]revented the Town from advocating for the full investigation of the Park in the 1990s" or "expos[ed] Town residents to . . . hazardous contamination" (SAC ¶ 249) are entirely speculative. *See Connaughton*, 75 N.E.3d at 1163 (holding that a plaintiff's fraudulent misrepresentation claim was "fatally deficient" where the plaintiff failed to assert "compensable damages" and claimed speculative

losses, such as "lost opportunity.").  Moreover, the Town's allegations that it suffered "[p]ast, current, and future costs associated with the Town's need to supervise and verify [NG's] investigation activities" and that the alleged omissions resulted in the "[d]imunition in value of the Community Park Property for the Town and its residents," (SAC ¶¶ 14, 262–63, 276) are similarly speculative and fail to specify an actual pecuniary loss.  Nor are future losses recoverable in an action for fraudulent misrepresentation.  *Dress Shirt Sales, Inc.*, 190 N.E.2d at 12; *Delcor Laboratories, Inc.*, 564 N.Y.S.2d at 772; *Obstfeld*, 774 F. Supp. 3d at 504–05.  All of the Town's alleged injuries suffer from these same deficiencies and, therefore, are insufficient to maintain a fraudulent misrepresentation claim.  *See e.g.* SAC ¶¶ 14, 255, 257–58, 277 (claiming alleged concealment of hexavalent chromium disposal prevented the Town from objecting to the Park investigation plans and deprived the Town residents of the use of public space).

### E. Documents Relied on by the SAC Confirm the Implausibility of the Misrepresentation Claims.

The very documents the Town cites in the SAC and relies upon to support its fraudulent misrepresentation claim show the opposite of what the Town alleges—specifically, that there was extensive sampling of hexavalent chromium in the Park.  This information confirms the implausibility of the Town's allegations of omissions, misrepresentations, and concealment relating to hexavalent chromium.  The SAC specifically references the 2003 Field Report and the 2006 RI (SAC ¶ 252), as well as the 2011 RIR (¶ 252), all of which are publicly available.[6]  Each of these documents undercuts the Town's allegations of fraudulent misrepresentation.

---

[6] *See* Dvirka & Bartilucci Consulting Eng'rs, *Bethpage Community Park Investigation Sampling Program Field Report* (Dec. 2003), https://extapps.dec.ny.gov/docs/remediation_hudson_pdf/bcpark.pdf.pdf; Arcadis, *Remedial Investigation/Feasibility Study Work Plan: Former Grumman Settling Ponds (Operable Unit 3 – Bethpage Community Park), Bethpage, New York* (Mar. 8, 2006), https://extapps.dec.ny.gov/data/DecDocs/130003A/Work%20Plan.HW.130003A.2006-03-08.RI_FS_Work_Plan_Volume_1.pdf; Arcadis, *Remedial Investigation Report (Site Area):*

For example, the December 2003 Field Report mentions "hexavalent chromium" 90 times and explicitly states that 228 soil samples taken during the Investigation Sampling Program were analyzed for hexavalent chromium, as well as groundwater samples collected from three monitoring wells in the Park.  The report explains that *only one of the 228 samples* exceeded the NYSDEC's then-applicable soil screening criteria; *none of the groundwater samples* exceeded the then-applicable Class GA Groundwater Standard.  *See* Chertok Dec. Ex. A, at 3-14, 4-1, 4-14, 5-3, tbl. B-4, tbl. B-8.  The March 8, 2006 RI/FS Work Plan for OU3 also addresses hexavalent chromium.  *See* Arcadis, Remedial Investigation/Feasibility Study Work Plan: Former Grumman Settling Ponds (Operable Unit 3 – Bethpage Community Park), Bethpage, New York (Mar. 8, 2006), annexed to the Chertok Dec. as Exhibit B, at 8, tbl. 10-3.  And the 2011 OU3 RIR explicitly states that NG tested both soil and groundwater for hexavalent chromium in the Park.  *See* Arcadis, Remedial Investigation Report (Site Area): Operable Unit 3 (Former Grumman Settling Ponds), Bethpage, New York (Feb. 8, 2011), annexed as Exhibit C to the Chertok Dec., at 10, 12, 49–50, 72.  Thus, not only is the Town's fraudulent misrepresentation claim insufficiently pled, but it is also implausible, as these documents confirm that NG neither omitted hexavalent chromium from the Park investigations, nor concealed the results of these investigations from NYSDEC, the public, or the Town.

## II.    The Town's Negligent Misrepresentation Claims Also Fail.

The Town has also tacked on a negligent misrepresentation claim, the basis of which is a vague allegation regarding the "likelihood of" and "absence of" hexavalent chromium

---

*Operable Unit 3 (Former Grumman Settling Ponds), Bethpage, New York* (Feb. 8, 2011), https://extapps.dec.ny.gov/data/DecDocs/130003A/Report.HW.130003A.2011-02-08.NGC_OU3_Onsite_RI_Report_Final.pdf.

contamination at the Park.  SAC ¶¶ 282–83.  For a negligent misrepresentation claim in New York, plaintiff must plead that (1) the parties stood in a "special relationship;" (2) NG "negligently provided incorrect information," and (3) the Town "reasonably relied upon the information given." *Saltz v. First Frontier, LP*, 782 F. Supp. 2d 61, 82 (S.D.N.Y. 2010), *aff'd* 485 F. App'x 461 (2d Cir. 2012).  Claims of negligent misrepresentation are also subject to the heightened pleading standards of Fed. R. Civ. P. 9(b) when, as here, the "negligent misrepresentation claim is based upon the same set of facts upon which Plaintiffs' fraud claim is grounded." *Arnold Chevrolet LLC v. Trib. Co.*, No. 04-CV-3097 (DRH) (WDW), 2007 WL 2743490, at *7 (E.D.N.Y. Sep. 17, 2007).

Here, the SAC fails to plead core elements of this claim—the special relationship that New York law requires and the specific "incorrect information" that the Town relied on—and accordingly fails to meet the heightened pleading standard.  *Id.*

### A.  The Town Fails to Allege a Sufficient "Special Relationship" With NG.

New York law requires plaintiffs to plead the existence of a "special relationship" for a negligent misrepresentation claim.  *Envirocon, Inc. v. Brookhaven Sci. Assocs., LLC*, No. 06-CV-3137 (TCP) (MLO), 2006 WL 8435927, at *6 (E.D.N.Y. Dec. 26, 2006) (granting motion to dismiss because plaintiff "failed to establish that [defendant] BSA occupied a special relationship with Envirocon such that BSA owed a duty in the commercial setting to speak with care.").  To be clear, a special relationship generally exists when parties exist in a fiduciary relationship, such as where the relationship involves the professional expertise of a lawyer or accountant.  *Muller-Paisner v. TIAA*, 289 F. App'x 461, 465 (2d Cir. 2008) ("We have noted that 'under New York law, a plaintiff may recover for negligent misrepresentation only where the defendant owes her a fiduciary duty.'") (collecting cases).

When a fiduciary relationship does not exist—as is the case here—courts approximate the existence of a special relationship through an examination of whether (1) the person making the alleged representation held or appeared to hold unique or special expertise; (2) a special relationship of trust or confidence existed between the parties; and (3) the speaker was aware of the use to which the information would be put and supplied it for that purpose. *Eternity Glob. Master Fund Ltd. v. Morgan Guar. Tr. Co. of N.Y.*, 375 F.3d 168, 188 (2d Cir. 2004) (quoting *Kimmell v. Schaefer*, 675 N.E.2d 450, 454 (N.Y. 1996). Courts also examine whether there would be a privity-like relationship between parties that could form a special relationship. *Anschutz Corp.*, 690 F.3d at 114 ("Under the 'duty' element, New York strictly limits negligent misrepresentation claims to situations involving actual privity of contract between the parties or a relationship so close as to approach that of privity." (internal quotations and citations omitted)) (collecting cases). These characterizations of a special relationship are not new definitions of special relationship, but are tied to the fiduciary nature of the relationship. *Dallas Aerospace, Inc. v. CIS Air Corp.*, 352 F.3d 775, 788 (2d Cir. 2003) ("Dallas urges that *Kimmell* enunciated a new standard, exacting liability whenever the relationship between the parties is 'such that in morals and good conscience the one has the right to rely upon the other for information.' This is a misreading of the case." (quoting *Kimmell v. Schaefer*, 675 N.E.2d at 454)).

Contrary to the Town's allegations, NG's donation of the Park in 1962 to the Town does not create the kind of "special relationship" necessary for a negligent misrepresentation claim. SAC ¶ 279. Donations of land do not create the kind of privity or "near-privity" relationship sufficient for a "special relationship." *Thomas H. Lee Equity Fund V, L.P. v. Mayer Brown, Rowe & Maw LLP*, 612 F. Supp. 2d 267, 285 (S.D.N.Y. 2009) ("A near-privity relationship exists where there is: '(1) an awareness by the maker of the statement that it is to be used for a particular

19

purpose; (2) reliance by a known party on the statement in furtherance of that purpose; and (3) some conduct by the maker of the statement linking it to the relying party and evincing its understanding of that reliance.'" (quoting *Houbigant, Inc. v. Dev. Specialists, Inc.*, 229 F.Supp.2d 208, 216 (S.D.N.Y. 2002))). Such near-privity relationship requires the existence of a particular statement—which the Town has not alleged—and NG's awareness of the Town's reliance on that statement—which the Town has also not alleged. Without such allegations, the Town's pleading is insufficient and must be dismissed.

To the extent that the Town's claim to the existence of a special relationship is premised on NG's knowledge of the Park, this too is not an adequate basis for a negligent misrepresentation claim. In New York, knowledge of one's own business practices does not support the finding of a special relationship. *Tradeshift, Inc. v. Smucker Servs. Co.*, No. 20-cv-3661 (MKV), 2021 WL 4463109, at *8 (S.D.N.Y. Sep. 29, 2021) ("The fact that Tradeshift, of course, had more insight into the experience and financial health of its own company than did Smucker does not indicate that the parties had a sufficiently special relationship to support a claim for negligent misrepresentation."); *see Woori Bank v. RBS Sec., Inc.*, 910 F. Supp. 2d 697, 706–07 (S.D.N.Y. 2012) ("It is important to keep in mind that there is no requirement that there be information parity between counterparties in commercial transactions such as this."). NG's prior operations at the Park do nothing to establish the existence of a special relationship.

Neither does NG's continued work at the Park, nor work with regulatory authorities regarding remediation efforts at the Park. Certification of statements to the NYSDEC (SAC ¶¶ 74–75, 87, 92, 246–48; 251–52)—and not to the Town—does not provide the basis of privity. *34 Prince Equities Llc v. Marvel Architects Pllc*, No. 650382/2021, 2023 N.Y. Misc. LEXIS 818, at *19 (Sup. Ct. Jan. 13, 2023) (finding no near-privity relationship formed through party's authoring

and filing of regulatory report with Department of Buildings). NG's prepared documents relating to the Park also do not give it the kind of expertise that would form a special relationship. *Amusement Indus., Inc. v. Stern*, 786 F. Supp. 2d 758, 779 (S.D.N.Y. 2011) ("[T]he mere fact that a defendant possesses certain documentation relating to a transaction is not enough to meet the 'special expertise' element.").

### B.  The Town Fails to Allege that NG Negligently Provided Incorrect Information.

The second element of negligent misrepresentation requires a plaintiff to allege that "the defendant made a false representation that he or she should have known was incorrect;" or, differently stated, that "the defendant negligently provided incorrect information." *Anschutz Corp.*, 690 F.3d at 114 (quoting *Hydro Inv'rs, Inc. v. Trafalgar Power Inc.*, 227 F.3d 8, 20 (2d Cir. 2000)); *Viania v. Zimmer, Inc*., No. 217CV1641ADSAYS, 2017 WL 5714725, at *3 (E.D.N.Y. Nov. 27, 2017) (same); *Spinnato v. Unity of Omaha Life Ins. Co.*, 322 F. Supp. 3d at 403 (quoting *LBBW Luxemburg S.A. v. Wells Fargo Sec. LLC*, 10 F.Supp.3d 504, 525 (S.D.N.Y. 2014)). Under the heightened pleading standards of Rule 9(b), the plaintiff "must state with particularity the circumstances constituting . . . mistake." Fed. R. Civ. P. 9(b).

The SAC alleges that NG made "representations to the Town and to DEC regarding the nature and extent of contamination at the Community Park Property, including but not limited to representations between 2000 and 2025 regarding the likelihood of hexavalent chromium contamination at the Community Park Property," which "were incorrect" and "recklessly disregarded facts that NG knew or should have known" (SAC ¶¶ 282–83). These vague and generic allegations fail to identify any specific representation as to the nature or extent of contamination at the Park, fail to identify how any such representation was incorrect, and fail to identify which facts NG knew or should have known or to explain how NG recklessly disregarded such facts. The Town's allegations of negligent misrepresentation are subject to the same heightened pleading

standards. *See Arnold Chevrolet LLC*, 2007 WL 2743490, at *7. Thus, because the Town fails to "state with particularity the circumstances" constituting any alleged negligent misrepresentation, the Town has not met the heightened pleading standards required for this claim under Rule 9(b). *See* Fed. R. Civ. P. 9(b).

Moreover, as noted above, NG had in fact tested for hexavalent chromium as early as 2003 and reported on such testing in publicly available documents, including in the December 2003 Field Report cited twice in the SAC. *See* Chertok Dec., Ex. A, SAC ¶¶ 87, 251. Thus, any claims that NG had misrepresented the "nature and extent" of hexavalent chromium contamination at the Community Park Property is contradicted by documents relied upon by the Town.

### C. The Town Fails to Allege that It Reasonably Relied Upon the Information Given.

The third element of a negligent misrepresentation claim requires the Town to allege that it "reasonably relied upon the information given." *Spinnato*, 322 F. Supp. 3d at 403; *Suez Equity Investors*, 250 F.3d at 103; *Eternity Glob. Master Fund*, 375 F.3d at 188; *see also Anschutz Corp.*, 690 F.3d at 114 (under New York Law, a plaintiff in a negligent misrepresentation action must allege reliance on a false representation "to his or her detriment").

To assess whether a plaintiff's reliance was justifiable to substantiate a negligent misrepresentation claim, the Second Circuit considers the same three factors as in the 'special relationship' inquiry: (1) "whether the person making the representation held or appeared to hold unique or special expertise;" (2) "whether a special relationship of trust or confidence existed between the parties;" and (3) "whether the speaker was aware of the use to which the information would be put and supplied it for that purpose." *See Suez Equity Investors*, 250 F.3d at 103 (quoting *Kimmell v. Schaefer*, 675 N.E.2d at 454); *Eternity Glob. Master Fund*, 375 F.3d at 188. Where a plaintiff "fail[s] to allege any facts suggesting that its purported reliance" on the defendant's

alleged misrepresentations "was justified," the Second Circuit has affirmed the dismissal of a claim of negligent misrepresentation for failure to state a claim. *Eternity Glob. Master Fund Ltd.*, 375 F.3d at 189–90.

To support its cause of action, the Town claims that its "reliance of incorrect information it received from NG has caused and will cause the Town past and future out of pocket costs and economic loss and has harmed and will harm the Town's residents" (SAC ¶ 284). This bare allegation fails to allege how the Town was induced to act or refrain from acting as a result of any alleged misrepresentations. Indeed, the only out of pocket costs or economic losses alleged in the SAC are those the Town allegedly incurred by independently conducting its own sampling and observing NG's activities on site (*See* SAC ¶¶ 3, 8, 28, 112, 176, 192). In no instance, however, does the Town allege how such expenses resulted from the Town's reliance on NG's alleged misrepresentations. *See id.* Instead, the Town alleges that the NYSDEC—a non-party—acting as "a passive bystander" allegedly "forc[ed] the Town to conduct its own investigations" (SAC ¶ 8). Additionally, the Town does not claim that NG held any "unique or special expertise." Rather, the Town notes that, during the remediation, it conducted its own sampling using its own consultants (*See* SAC ¶¶ 195, 200). Because the Town fails to allege how it relied to its detriment on any alleged false misrepresentations by NG, the Town fails to state a claim for negligent misrepresentation.

## CONCLUSION

For the reasons set forth above, the Court should grant NG's Partial Motion to Dismiss the SAC. The Town has not, and cannot, plead essential elements of its fraudulent misrepresentation or negligent misrepresentation claims, both of which are subject to the heightened pleading standards under Fed. R. Civ. P. 9(b). Specifically, the Town's fraudulent misrepresentation claim

fails because the SAC fails to state the particular circumstances surrounding the alleged fraud or mistake and fails to claim that any of the omissions or statements were made for the purpose of inducing the Town to believe or rely on them.  Likewise, the negligent misrepresentation claim fails because the Town does not allege a sufficient "special relationship" with NG.  In addition, the Town relies on documents that contradict its key allegations, thus reinforcing the absence of plausible claims.  Like the Town's previously dismissed claims, the fraudulent misrepresentation and negligent misrepresentation claims have no merit and should be dismissed.


September 30, 2025                                    By: _/s/ Mark Chertok_____
                                                          Mark A. Chertok
                                                          Amy Cassidy
                                                          SIVE, PAGET & RIESEL, P.C.
                                                          560 Lexington Avenue, 15th floor
                                                          New York, New York 10022
                                                          (212) 421-2150
                                                          mchertok@sprlaw.com
                                                          acassidy@sprlaw.com

                                                          Grant J. Esposito
                                                          Robert J. Baehr
                                                          PROSKAUER ROSE LLP
                                                          Eleven Times Square
                                                          New York, New York 10036
                                                          (212) 969-3010
                                                          gesposito@proskauer.com
                                                          rbaehr@proskauer.com

                                                          *Attorneys for Defendant Northrop Grumman Systems Corporation*