Russell B. Selman
312.613.3080
rselman@leoncosgrove.com

October 21, 2026

**VIA ECF**

The Honorable Nusrat J. Choudhury
United States District Judge
United States District Court
for the Eastern District of New York
100 Federal Plaza, Courtroom 1040
Central Islip, New York 11722

**Re:** ***Town of Oyster Bay v. Northrop Grumman Systems Corp.*, Case No. 2:23-cv-07146 (NJC) (AYS) — *Partially Unopposed* Letter-Motion by Plaintiff Town of Oyster Bay for a 60-Day Extension of the Discovery Schedule**

Dear Judge Choudhury:

The undersigned represents the Plaintiff, Town of Oyster Bay (the "Town"), in the above-referenced action. Pursuant to Rule 1.7 of Your Honor's Individual Rules, Local Civil Rule 7.1(e), and Federal Rule of Civil Procedure 16(b)(4), the Town submits this partially unopposed letter-motion requesting a 60-day extension of each remaining deadline in the discovery schedule set by Magistrate Judge Shields's Electronic Order of August 7, 2026 (ECF No. 76) and reflected in the Court's Scheduling Order of August 10, 2026, with Northrop Grumman's agreement to a 30-day extension. In other words, the parties agree to a 30-day extension of the remaining deadlines; the Town respectfully asks the Court to decide that the 60 days sought by the Town are warranted. Because the requested relief would affect dates scheduled before Your Honor, the Town directs this request to the Court, consistent with Magistrate Judge Shields's Electronic Order of October 29, 2025.[1]

The Town recently retained new counsel. On October 13, 2026, the Court granted ArentFox Schiff LLP's ("ArentFox Schiff") motion to withdraw as counsel for the Town (ECF No. 87), terminating that firm's attorneys as counsel of record. The undersigned will continue to represent the Town but has changed firms, from ArentFox Schiff to León Cosgrove Jiménez, LLP.

[1] The Town makes this request without waiving, and expressly reserving, all rights, claims, defenses, objections, and arguments.

On October 14, 2026, Kathryn Decker, of León Cosgrove Jiménez, filed a notice of appearance on the Town's behalf. ECF No. 88.

The transfer of the case file from ArentFox Schiff to León Cosgrove Jiménez is ongoing and is not yet complete. The materials to be transferred are substantial and include approximately 8,453 files maintained in a document management system, 104 physical files, and approximately 242 gigabytes of additional electronic data, in addition to e-discovery materials the volume of which has not yet been determined. Counsel will require a reasonable period to receive, organize, and review these materials before the remaining fact depositions and expert discovery can be handled responsibly. In the meantime, new counsel has begun reviewing the available materials, to promptly be in a position to proceed.

The scope of the record underscores the need for additional time. As the parties advised the Court in their joint motion, as of August 5, 2026, the Town had produced approximately 73,244 documents, and Northrop Grumman approximately 62,726 documents, with additional productions—including productions from additional custodians—still to be collected, reviewed, and produced before fact depositions. ECF No. 76 at 1–2. The parties further explained that this action is part of a larger dispute that includes *Town of Oyster Bay v. Northrop Grumman Corp.*, No. 2:05-cv-01945 (DG) (SIL) (E.D.N.Y.) (the "CERCLA Case"), that they intend to depose many of the same party and third-party witnesses in both actions, and that the two schedules were aligned so those depositions can be coordinated. *Id.* at 2. The Town is contemporaneously seeking the same 60-day extension in the CERCLA Case, so that the coordinated schedule would be preserved.

Good cause exists under Rule 16(b)(4). The requested extension is necessitated by a change in counsel and an incomplete file transfer, not by any lack of diligence on the Town's part. Furthermore, the agreed upon 30-day extension would move the close of fact discovery from December 15, 2026, to approximately January 14, 2027, which would leave essentially all remaining fact discovery—including completing the file review and scheduling, preparing for, and taking depositions—to occur across the Thanksgiving and December/year-end holidays, when witnesses, party representatives, and counsel foreseeably may have limited availability. The requested 60-day extension to February 16, 2027, instead, provides several working weeks after the holidays to complete that work in an orderly fashion. It also would not unfairly prejudice Defendant: Northrop Grumman agrees that some extension is appropriate, the proposed schedule uniformly shifts each remaining deadline by the same 60 days, preserves the existing sequence and intervals between deadlines, applies equally to all parties, keeps this action aligned with the related CERCLA Case—where the Town seeks the same 60-day extension—so shared witnesses can, where practicable, be deposed once, consistent with ECF No. 76, and reduces the risk of rushed depositions, avoidable disputes, duplicative effort, and a further extension request. Accordingly, the Town respectfully proposes the following revised schedule:

| **Event** | **Current Deadline (Elec. Order Aug. 7, 2026)** | **Proposed Deadline (+60 Days)** |
|---|---|---|
| Completion of fact discovery | December 15, 2026 | February 16, 2027[2] |
| Completion of expert discovery | July 30, 2027 | September 28, 2027 |
| Deadline to initiate dispositive motion practice (including pre-motion letters under Individual Rule 5.1.5) | August 13, 2027 | October 12, 2027 |

The information required by Individual Rule 1.7.1 follows: (i) the reason for the request is stated above; (ii) the original deadlines are set out in the table above; (iii) there have been four prior requests to extend the discovery deadlines in this action (ECF Nos. 67, 68, 74, and 76), in addition to the parties' April 15, 2026, joint proposed discovery schedule (ECF No. 75); (iv) the request at ECF No. 67 was denied without prejudice to renewal before Your Honor on October 29, 2025; the request at ECF No. 68 was granted on November 1, 2025; the request at ECF No. 74 was granted on December 16, 2025; the schedule proposed at ECF No. 75 was adopted on April 16, 2026; and the request at ECF No. 76 was granted on August 7, 2026; (v) Northrop Grumman agrees to a 30-day extension of the remaining deadlines, but not the additional 30 days requested. Northrop Grumman did not provide a reason for declining the additional 30 days. In light of the approaching deadlines and the timing requirements of Individual Rule 1.7.3, the Town respectfully submits this letter-motion without further delay. Pursuant to Individual Rule 1.7.2, the proposed revisions to all affected dates are set out above. We appreciate the Court's attention to this matter.

Thank you for considering this request.

[2] Sixty days from December 15, 2026, falls on Saturday, February 13, 2027, and Monday, February 15, 2027 is a legal holiday. The next business day is proposed. *See* Fed. R. Civ. P. 6(a)(1)(C). The parties' interim expert-disclosure dates proposed in ECF No. 76 would shift by the same 60 days.

Respectfully submitted,

*/s/ Russell B. Selman*
Russell B. Selman *(Pro hac vice)*
Illinois Bar: 6195396
**LEÓN COSGROVE JIMÉNEZ, LLP**
255 Alhambra Circle
8th Floor
Coral Gables, FL 33134
Telephone: (305) 740-1975
Email: rselman@leoncosgrove.com

*/s/ Kathryn Marie Decker*
Kathryn Marie Decker
New York Bar No. 6129407
**LEÓN COSGROVE JIMÉNEZ, LLP**
One World Trade Center
85th Floor, Suite 12
New York, NY 10007
Telephone: (212) 220-6610
Email: kdecker@leoncosgrove.com

*Counsel for Town of Oyster Bay*