LEÓN COSGROVE
LEÓN COSGROVE JIMÉNEZ, LLP

**Russell B. Selman**
312.613.3080
rselman@leoncosgrove.com

November 5, 2026

**VIA ECF**

The Honorable Nusrat J. Choudhury
United States District Judge
United States District Court for the
Eastern District of New York
100 Federal Plaza, Courtroom 1040
Central Islip, New York 11722

**Re: *Town of Oyster Bay v. Northrop Grumman Systems Corp.*, Case No. 2:23-cv-07146 (NJC) (AYS) Relationship to *Town of Oyster Bay v. Northrop Grumman Corp., et al.*, Case No. 2:05-cv-01945 (DG) (SIL)**

Dear Judge Choudhury:

Plaintiff Town of Oyster Bay (the "Town") and Defendant Northrop Grumman Systems Corporation ("Northrop Grumman") jointly submit this letter, as directed by the Court in its October 28, 2026, Order, addressing the relationship between this action and *Town of Oyster Bay v. Northrop Grumman Corp., et al.*, No. 2:05-cv-01945-DG-SIL (E.D.N.Y.) (the "CERCLA Action").

The CERCLA Action

The Town commenced the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA") Action on April 21, 2005, against Northrop Grumman, the United States Navy, and the United States of America (the "Federal Defendants"). The Town's Second Amended Complaint (ECF No. 29) asserted seven causes of action: (1) cost recovery under CERCLA § 107, 42 U.S.C. § 9607; (2) contribution under CERCLA § 113, 42 U.S.C. § 9613; (3) a declaratory judgment of liability for future response costs; and state-law claims for (4) negligence, (5) strict liability, (6) unjust enrichment, and (7) contribution. The Town's CERCLA Action was, at bottom, a suit to recover costs allegedly incurred by the Town in 2005, under an Order on Consent with the New York State Department of Environmental Conservation ("DEC"), investigating and remediating a seven-acre portion (the "Construction Area") of Bethpage Community Park (the "Park"), so the Town could build a new ice-skating rink. Northrop Grumman asserted in its answer counterclaims under CERCLA seeking recovery from the Town for the amounts that Northrop Grumman alleged it incurred responding to contamination in the Park arising from Town action or facilities.

By Memorandum and Order dated May 14, 2009 (ECF No. 94), Judge Platt granted summary judgment to Northrop Grumman and the Federal Defendants dismissing the Town's claims, on the grounds that the costs the Town allegedly incurred did not substantially comply with the National Contingency Plan. The Court dismissed the Town's supplemental state law claims. The Court denied the Town leave to take an immediate appeal, and no final judgment has been entered.

What remains of the CERCLA Action are the counterclaims asserted against the Town by Northrop Grumman, which seek to recover certain incremental costs Northrop Grumman allegedly incurred investigating, designing, constructing and/or operating its groundwater and soil gas extraction and treatment systems at the Park allegedly due to the presence of Freon used, disposed, released, and/or arising from the Town ice rink(s) on the Park property.

<u>This Action</u>

The Town's action, filed in 2023, alleged federal claims under the Toxic Substances Control Act ("TSCA") and the Resource Conservation and Recovery Act ("RCRA"). The Town's First Amended Complaint added a public nuisance claim. This Court dismissed the Town's claims except for the claim under the imminent and substantial endangerment provision of RCRA, pursuant to which the Town seeks injunctive relief compelling Northrop Grumman to further investigate and clean up contaminated soil at the Park, and the public nuisance claim. In its 2013 Record of Decision, DEC required Northrop Grumman to excavate and remove contaminated soil at the Park. Northrop Grumman agreed to carry out that remedy in DEC's 2014 Order on Consent, and the Town maintains that Northrop Grumman has not initiated the excavation and removal of contaminated soil conditions that the Town alleges may present an imminent and substantial endangerment (which Northrop Grumman disputes). The operative Second Amended Complaint (ECF No. 62) asserts four counts: (I) imminent and substantial endangerment under RCRA § 7002(a)(1)(B), 42 U.S.C. § 6972(a)(1)(B); (II) public nuisance; (III) fraudulent misrepresentation; and (IV) negligent misrepresentation, pleaded in the alternative to Count III.

<u>Relationship Between the Actions</u>

Although the Town and Northrop Grumman are parties to both actions, and both actions concern the Park, they involve different issues, claims under different statutes, and seek different relief. The CERCLA Action turns on liability for, and equitable allocation of, response costs already incurred and does not entail injunctive relief. This RCRA Action turns on whether current conditions at the Park may present an imminent and substantial endangerment warranting injunctive relief, a remedy that does not provide for recovery of past cleanup costs, and on the Town's state-law nuisance and misrepresentation claims. Resolution of one does not depend on resolution of the other. However, certain witnesses are expected to be deposed in both actions, and some documents may be relevant to both actions. The parties have, therefore, agreed to seek to coordinate such discovery, including the scheduling of depositions of common witnesses, for purposes of efficiency and to conserve resources.

Respectfully submitted,

*/s/ Russell B. Selman*
Russell B. Selman *(Pro hac vice)*
Illinois Bar: 6195396
**LEÓN COSGROVE JIMÉNEZ, LLP**
255 Alhambra Circle
8th Floor
Coral Gables, FL 33134
Telephone: (305) 740-1975
Email: rselman@leoncosgrove.com

*/s/ Chloé Agelou*
Chloé Agelou
New York Bar No. 6034680
**LEÓN COSGROVE JIMÉNEZ, LLP**
One World Trade Center
85th Floor, Suite 12
New York, NY 10007
Telephone: (212) 220-6610
Email: cagelou@leoncosgrove.com

*Counsel for Plaintiff*
*Town of Oyster Bay*

*/s/ Mark A. Chertok*
Mark A. Chertok
Elizabeth Knauer
Amy Cassidy
SIVE, PAGET & RIESEL, P.C.
560 Lexington Avenue
New York, New York 10022
(646) 378-7228
mchertok@sprlaw.com

*/s/ George Gigounas*
George Gigounas
Caroline Lee
Chris Gismondi
DLA PIPER LLP
1251 6th Avenue
New York, NY 10020
(415) 836-2514
george.gigounas@us.dlapiper.com

*Counsel for Defendant*
*Northrop Grumman Systems Corporation*

cc: All counsel of record (via ECF)